JUSTICE LEMONS,
dissenting.
I join Justice Kinser’s dissent in every respect and write separately only to emphasize the potential consequences of the majority opinion.
In essence, the majority pretends that the Court never decided Bates or Allstar Towing and ignores the special definition of “cause of action” adopted for the express purpose of res judicata analysis. In Bates, 214 Va. at 672 n.8, 202 S.E.2d at 921 n.8, we clearly stated that “[a] ‘cause of action’, for purposes of res judicata, may be broadly characterized as an assertion of particular legal rights which have arisen out of a definable factual transaction.”
In Allstar Towing, we quoted the passage above from Bates, and in determining that res judicata did not bar the successive action, we stated the following: “In sum, the legal rights asserted in the second action arose from a factual transaction that was different from the factual transaction giving rise to the assertion of legal rights in the first action.” Allstar Towing, 231 Va. at 425, 344 S.E.2d at 906.
It is unmistakable that the Court embraced a transactional analysis for the purpose of res judicata. In doing so Virginia joined the majority of states. Today, without acknowledging its reversal, the majority ignores the special definition of “cause of action” for res judicata purposes and reverts to the national minority on this issue of great importance to individuals and businesses alike.
It is commonplace for a single transactional event to provide the foundation for multiple lawsuits. See, e.g., Simmons v. Miller, 261 Va. 561, 544 S.E.2d 666 (2001); Feddeman & Co. v. Langan Assocs., 260 Va. 35, 530 S.E.2d 668 (2000). In the hypothetical case of a business dispute that spawns multiple theories of recovery, the majority opinion would permit separate and successive lawsuits between the same parties on theories of breach of contract, breach of fiduciary duty, common law conspiracy, statutory conspiracy, common law fraud, constructive fraud, and conversion. Under the majority opinion, unless all of the elements are identical, res judicata would not prohibit successive suits between the same parties. Of course, the reason there are separate legal theories is precisely *186 because there are differences in the elements of the causes of action. While the extent of potential harassment of litigants and misuse of judicial resources may be affected by the application of collateral estoppel to narrow the matters subject to proof, and the expiration of the statute of limitations may preclude a particular cause of action, the reality of successive suits, even in different venues, remains a potential consequence of the majority opinion.
As these causes of action have proliferated in American law, a restraining concept designed to promote judicial efficiency and avoid harassment of litigants developed. That concept was the transactional analysis approach to the application of the doctrine of res judicata. While a litigant could pursue multiple theories of recovery, the transactional approach would permit such multiplicity, but only if the courts and litigants were required to meet such challenges in one proceeding. With a transactional analysis, the correct balance is achieved between access to the courts for remediation of wrongs and freedom from successive harassment, while husbanding judicial resources. Perhaps that is why the majority of jurisdictions have taken such an approach. Perhaps that is why Virginia did as well in Bates and Allstar Towing. Perhaps that is why the General Assembly adopted a transactional analysis as a predicate for Code §§ 8.01-272 and -281. Perhaps that is why it is so perplexing to witness this inexplicable retreat in the face of such overwhelming justification for transactional analysis in the application of res judicata.
I dissent.